IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02901-BNB

ANDREW T. PLANCARTE,

    Petitioner,

v.

JOHN CHAPDELAINE, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

I.  Background

    Applicant, Andrew T. Plancarte, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the DOC correctional facility in Sterling, Colorado.  Mr. Plancarte, acting *pro se*, initiated this action by filing a Request for Stay and Abeyance of this action until the state court has completed a collateral review of his criminal case.  Magistrate Judge Boyd N. Boland entered an order on November 7, 2011, instructing Mr. Plancarte that the Request was deficient and to file his claims on a Court-approved form used in filing 28 U.S.C. § 2254 actions.  On December 16, 2011, Mr. Plancarte complied by filing his claims in a format similar to the Court-approved form.

Mr. Plancarte raises eight claims challenging the validity of his conviction and sentence in Denver County District Court Case No. 04CR2929. Magistrate Judge Boland entered an order on January 31, 2012, directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On February 16, 2012, Respondents filed a Pre-Answer Response. Mr. Plancarte failed to file a Reply.

II.  Analysis

The Court must construe Mr. Plancarte's Application and Request for Stay and Abeyance liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice for failure to exhaust state court remedies.

A.  28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Plancarte's Application is timely under 28 U.S.C. § 2244(d). They assert that the limitation period ran from September 26, 2010, the ninetieth day following the Colorado Supreme Court's denial of Mr. Plancarte's petition for review, until March 24, 2011, when Mr. Plancarte filed his first postconviction motion, and from May 21, 2011, the forty-sixth day after following the denial of the postconviction motion, until August 31, 2011, when Mr. Plancarte filed his second postconviction motion, which currently is pending. Respondents contend that a total of

281 days is not tolled.

Although the Court agrees that the Application is timely, only 279 days are not tolled for proposes of § 2244(d).

### B.  State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend, and Mr. Plancarte concedes, that none of the claims are exhausted. Mr. Plancarte, therefore, may not proceed at this time in this Court with his habeas claims.

The United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Plancarte must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. For the following reasons, a stay and abeyance of this case is not proper.

The time during which a proper postconviction is pending in state court is tolled for the purposes of § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). As stated above, Mr. Plancarte has a postconviction proceeding pending in the Colorado Court of Appeals and only 279 days have run against the one-year time limitation under § 2244(d). The Court finds no timeliness issue and, therefore, no basis for staying the instant action until Mr. Plancarte has exhausted his state court remedies with respect to all of his claims.

III.  Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Plancarte files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Mr. Plancarte's Request for Stay and Abeyance (Doc. No. 1) is denied.  It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   19th   day of      April         , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court